UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENTON DWAYNE THOMPSON,<br><br>                      Petitioner,<br>    v.<br>BRIAN WILLIAMS,<br><br>                      Respondent. | No. C09-5265 RJB/KLS<br><br>ORDER DENYING MOTION FOR DEFAULT |

Before the court is Petitioner's motion for default. Dkt. 20. Having carefully reviewed the motion and response of Respondent (Dkt. 21), the court **ORDERS** as follows:

Petitioner requests that an order of default be entered against Respondent and that his habeas petition be granted because Respondent failed to file an answer to his petition in the time granted by the court. Dkt. 21, p. 2.

Pursuant to the court's Order dated June 16, 2009, Respondent was ordered to file an Answer to Petitioner's habeas petition by August 3, 2009. Dkt. 10. The court granted Respondent's motion for extension of time and ordered the Respondent to file his Answer on or before September 17, 2009. Dkt. Nos. 15 and 16. Respondent filed his Answer and Submission of Relevant State Record with on September 16, 2009. Dkts. 17 and 18.

ORDER DENYING MOTION FOR DEFAULT - 1

Therefore, Respondent's Answer and submission of relevant state court record were filed with this court's timely manner. In addition, copies of Respondent's Answer and the relevant state court record were both mailed to Mr. Thompson to the address on file for him: P.O. Box 208, Southern Desert Correctional Center, Indian Springs, NV 89070-0208. Dkt. 17, p. 56; Dkt. 21, Exh. 1.

Therefore, Mr. Thompson's contention that the Respondent failed to defend against his habeas petition is without merit. Furthermore, even if the Respondent's Answer had been untimely, Mr. Thompson is not entitled to the remedy he seeks. While Rule 55 provides for default judgment in most civil actions, the Ninth Circuit has expressly declared that a habeas corpus petitioner is not entitled to default judgment. *Gordon v. Duran*, 895 F.2d 610 (9th Cir. 1990). The State's failure to respond to the claims in a habeas corpus petition does not entitle the petitioner to a default judgment. *Id*. at 612. The habeas petitioner still bears the burden of showing that he or she is in custody in violation of the Constitution. Absent such a showing, the petitioner is not entitled to relief. *Id*.

Accordingly, it is **ORDERED**:

(1) Petitioner's motion for default (Dkt. 20) is **DENIED**.

DATED this  26th  day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR DEFAULT - 2