UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON DWAYNE THOMPSON,

                Petitioner,

v.

BRIAN WILLIAMS,

                Respondent.

No. C09-5265 RJB/KLS

ORDER GRANTING MOTION FOR STAY

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

On May 4, 2009, Petitioner Brenton Dwayne Thompson filed his habeas corpus petition, seeking to challenge his 2000 conviction by jury verdict of one count of murder in the first degree and one count of assault in the first degree. Dkt. 7. Mr. Thompson states ten claims for relief. *Id.* On September 16, 2009, Respondent filed an answer, stating that Mr. Thompson failed to exhaust two of his ten habeas claims (Claims 6 and 7) because he failed to properly raise them at every level of the state court's review. Dkt. # 17. Respondent states that rather than dismissing his mixed petition outright, this court should opt to stay Mr. Thompson's petition and hold it in abeyance while Mr. Thompson returns to state court to exhaust his unexhausted

ORDER GRANTING MOTION TO STAY - 1

sixth and seventh claims. Dkt. 17, p. 16. Alternatively, Respondent states that Mr. Thompson can dismiss his unexhausted sixth and seventh claims and the court can proceed to adjudicate the merits of his remaining claims. *Id.,* pp. 16-17.

On October 9, 2009, Mr. Williams filed a motion to stay and abey, requesting that this matter be stayed while he returns to state court to exhaust his unexhausted sixth and seventh claims. Dkt. 22. He attaches the proposed personal restraint petition that he intends to file with the state court of appeals. *Id.*, Exh. 1. Respondent filed a response to Petitioner's motion to stay, stating that he has no objection to the requested stay. Dkt. 23.

# I. DISCUSSION

**A.     Petitioner's Exhausted and Unexhausted Claims**

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

The parties agree that Mr. Williams has failed to exhaust his sixth and seventh claims for relief. When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their habeas corpus power. *Francis v. Henderson*, 425 U.S. 536, 538-39 (1976). Rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal habeas court. See *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, federal courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. *Rhines*, 544 U.S. at 273-274. Instead, such petitions "must be dismissed for failure to completely exhaust available state

remedies." *Jefferson v. Budge*, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982)).

Before dismissing a mixed petition containing both exhausted and unexhausted claims the court is generally required to provide petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.*; see also *Rhines*, 544 U.S. at 278; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide habeas corpus litigant with opportunity to amend mixed petition by striking unexhausted claims). For petitioners who file mixed petitions and who are close to the end of AEDPA's one-year time limit, there is a probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitations period runs. In such cases, rather than dismissing the mixed petition outright pursuant to *Rose v. Lundy*, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275. Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims. *Id.*, pp. 275-76.

Mr. Thompson requests the Court to stay this action while he returns to state court to exhaust his previously unexhausted claims. The mandate in Mr. Thompson's case was entered by the Washington Court of Appeals on November 13, 2008. Dkt. July 17, 2008 (Dkt. # 18, Exh. 40). He may file a personal restraint petition seeking to exhaust such unexhausted claims no more than one year after the mandate issued. See RCW 10.73.090. Because he has not previously presented his sixth and seventh claims, a new personal restraint petition representing such claims would not be considered successive under RCW 10.73.140. Dkt. 17, p. 15 n 3

ORDER GRANTING MOTION TO STAY - 3

(citing Dkt. 18, Exh. 26). Thus, Mr. Thompson may seek collateral review at the state level until November 12, 2009.

**B.     Petitioner's Motion for Stay**

Although Mr. Thompson has not shown good cause for his failure to exhaust his sixth and seventh claims for relief, the court finds that a stay and abeyance in this matter is appropriate in light of the short period of time within which Mr. Thompson may return to the Washington courts to pursue these claims, and Respondent's response that he does not object to the stay.

Accordingly, it is **ORDERED**:

(1)     Mr. Thompson's motion for a stay (Dkt. 22) is **GRANTED** and this matter is **STAYED** while Mr. Thompson returns to state court to pursue his sixth and seventh claims for habeas relief.

(2)     Petitioner shall advise the Court within thirty (30) days of receiving a final State court ruling.

**DATED** this  26th  day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY - 4