UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON DWAYNE THOMPSON,

                       Petitioner,

   v.

BRIAN WILLIAMS,

                       Respondent.

No. C09-5265 RJB/KLS

ORDER DENYING PETITIONER'S
LETTER REQUEST TO LIFT STAY

On October 26, 2009, the court granted Petitioner's Motion to Stay and Abey this habeas action while Petitioner returned to state court to pursue his sixth and seventh claims for habeas relief. Dkt. 25. On April 9 2010, Petitioner sent a letter to the Clerk of Court requesting that the court lift the stay because "the Washington state court of appeals has dismissed my state petition as frivolous." Dkt. 32.

In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

ORDER - 1

A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied 513 U.S. 935 (1994).

Because Petitioner has not concluded one complete round of Washington's established appellate review process, the court will deny his request to lift the stay. In addition, Petitioner is advised that if he desires court action in the future, he must address his requests to the court in the form of a motion and he must provide a copy of his motion to counsel for Respondent.

Accordingly, it is **ORDERED**:

(1) Petitioner's letter request to lift the stay (Dkt. 32) is **DENIED**.

(2) Petitioner shall advise the Court within thirty (30) days of receiving a final State court ruling.

(3) The Clerk is directed to send copies of this order to Petitioner and counsel for Respondent. The Clerk is further advised to attach a copy of Petitioner's letter (Dkt. 32) to this Order.

**DATED** this   26th   day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2