UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON DWAYNE THOMPSON,

                              Petitioner,

         v.

BRIAN WILLIAMS,

                              Respondent.

No. C09-5265 RJB/KLS

ORDER LIFTING STAY AND DENYING
MOTION TO EXPAND RECORD

Before the court is Petitioner's motion to lift stay and expand the record. ECF No. 43. For the reasons set forth below, the stay shall be lifted and the motion to expand the record denied.

**DISCUSSION**

On October 26, 2009, the court granted Petitioner's Motion to Stay and Abey this habeas action while Petitioner returned to state court to pursue his sixth and seventh claims for habeas relief. Dkt. 25. Petitioner sent a letter to the Clerk of Court, dated April 9, 2010, requesting that the court lift the stay because "the Washington state court of appeals has dismissed my state petition as frivolous." Dkt. 32. The court denied that request because Petitioner had not concluded one complete round of Washington's established appellate review process. Dkt. 34. A second request to lift the stay was denied for the same reason. ECF Nos. 35 and 38. Mr. Thompson has now completed one round of the review process and the Washington State

ORDER - 1

Supreme Court denied review.  ECF No. 43, p. 2; ECF No. 44, Exh. 1.  Respondent argues that the stay should remain in place, however, until the Washington Court of Appeals issues its mandate.

## A.    Finality of Supreme Court Decision

Respondent argues that Petitioner can file a motion to modify the denial of review until January 10, 2011 and therefore, a certificate of finality has not yet been issued by the Washington Court of Appeals as required by the Washington Rules of Appellate Procedure 16.15(e).   However, a state judgment is final after the last decision terminating review or after the expiration of the time to appeal.  *See, e.g., Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir.2001).    In this case the ruling denying review of the Washington Supreme Court became final on January 10, 2011, assuming that Petitioner did not file a motion to modify the ruling.  A review of filings in Washington Supreme Court Case No. 846057 reflects that Petitioner did not file a motion to modify on January 10, 2011.  Therefore, the Washington State Supreme Court's order denying review is the last decision terminating review.

## B.    Expansion of Record

Petitioner asks that the court revisit his previous request (ECF No. 26) that the state court record be expanded.  The court declined to consider that request while the matter was stayed. ECF No. 27.   In support of his request, Petitioner states that he believes that Respondent's Answer contains allegations that are not true and therefore, he requires that the record be supplemented with, *inter alia,* jury instructions, closing arguments, portions of witness testimony, proceedings from a medical examination, forensic reports.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited.  A federal court

ORDER - 2

1   shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state

2   courts unless the adjudication either:  (1) resulted in a decision that was contrary to, or involved

3   an unreasonable application of, clearly established federal law, as determined by the Supreme

4   Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts

5   in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).   A determination of a

6   factual issue by a state court shall be presumed correct, and the applicant has the burden of

7   rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.  §

8   2254(e)(1).

9

10          Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate

11  in the answer to a habeas petition what transcripts are available and what proceedings have been

12  recorded but not transcribed.  The State must attach to its answer any parts of the transcript it

13  deems relevant.  Once this is done, the court, on its own motion or upon request of the petitioner

14  may order that further portions of the existing transcripts be furnished or that certain portions of

15  the non-transcribed proceedings be transcribed and furnished.  Rules Governing Section 2254

16  Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v.*

17  *Matrisciano*, 363 F.3d 607, 612 (7th Cir.  2004).  As noted by the *Simental* court, on habeas

18  review, except in limited circumstances, the district court does not make independent factual

19  determinations.  *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d

20  585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to

21  identify any incompleteness or inaccuracies in the facts before the district court.)

22          The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985),

23  requiring that the district court examine all relevant parts of the state court record, is not

24  inconsistent with these holdings or Rule 5.  Under Rule 5, the determination of relevance is left

ORDER - 3

to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner.  § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption. Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary. When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

If the Petitioner is alleging insufficiency of evidence to support factual findings, then 28 U.S.C. § 2254(f) provides that the burden shifts to Petitioner to produce those parts of the record pertinent to his claims.  That subsection further states that if the Petitioner, because of indigency or other reason is unable to produce such part of the record, then the State shall do so and the court shall direct the State to do so by order directed to an appropriate State official.  *Id*.  The subsection further provides that if any of the pertinent record cannot be provided, the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.  *Id*.

Petitioner has not provided an explanation of how and why any of the records he is requesting are necessary for this court's analysis of his claims on the merit.  Although Petitioner states specific items in the record that he wishes to have produced, he does not explain why the relevant state court record provided by Respondent is deficient nor does he describe the relevance or necessity of the records he is requesting.

Accordingly, it is **ORDERED**:

(1)     Petitioner's request to lift the stay (ECF No. 43) is **GRANTED.**

ORDER - 4

(2)     Respondent shall file his answer to Mr. Thompson's sixth and seventh habeas claims **on or before March 4, 2011.**

(3)     Petitioner's request to expand the record (ECF No. 43) is **DENIED.**

(4)     The Clerk is directed to send copies of this order to Petitioner and counsel for Respondent.

**DATED** this  18th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5